UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY S. TIFT,

    Plaintiff,

v.

ODIE (ODIS) H. CARTER individually and JOHN DOES 1-5,

    Defendants.

No. C07-0020P

ORDER REMANDING CASE TO STATE COURT

    The Court issues this order sua sponte. This case was removed to federal court by Defendant Odie Carter. There is a motion currently pending before the Court to consolidate this case with two other cases (C07-37C and C07-38C) before the Honorable John C. Coughenour. (Dkt. No. 7). Having reviewed the motion to consolidate and the balance of the record in this case, the Court finds that it lacks subject matter jurisdiction over Plaintiff's action against Mr. Carter. Therefore, the Court REMANDS this case to Snohomish County Superior Court pursuant to 28 U.S.C. § 1447(c). Because the Court lacks subject matter jurisdiction over this action, the motion to consolidate this case with case numbers C07-37C and C07-38C is DENIED as moot.

**Background**

    Proceeding pro se, Plaintiff Gregory Tift filed this case in Snohomish County Superior Court in December 2006 against Defendant Odie Carter and "John Does 1-5." Plaintiff's complaint states that "[t]his is an action for false testimony by defendant" and that he "seeks injunctive relief and damages

ORDER - 1

to remedy defendants' ongoing, false testimony under oath." (Complaint ¶ 1). Plaintiff alleges that "defendants have been – and are currently involved in – widespread egregious massive amounts of misleading, deceptive and false testimony" and that "Defendants have lied repeatedly in no less than 2 Superior Court Cases, and 1 Federal Court cases [sic] . . ." Id. at ¶¶ 8, 10. He seeks over $1.8 million in damages and to enjoin Defendants from "providing any continued false testimony in future or on going litigation concerning Greg Tift" and to refrain from issuing threats against him.

Mr. Carter removed the case to federal court in January 2006. The notice of removal asserted two grounds for removal: (1) evaluating the truthfulness of Mr. Carter's testimony will require the interpretation of a collective bargaining agreement; and (2) Plaintiff's lawsuit constitutes an allegation that a judgment in a previous case in this Court was procured by fraud. Although Plaintiff's complaint does not provide a case name or number for a specific federal case in which Defendant allegedly offered false testimony, Defendant asserts that the federal case referenced in the complaint is The Employees Painters' Trust et al. v. Ethan Enterprises, Inc. et al., C03-2904RSM. Mr. Tift was a defendant in the Ethan Enterprises case, which was brought by union trust funds for delinquent benefit contributions.

Plaintiff filed two other state-court cases in December 2006. Those complaints are similar to the complaint in this case but involve different defendants and were brought in King County Superior Court. The two cases were also removed to this Court and have been assigned to Judge Coughenour under case numbers C07-37C and C07-38C.

**Analysis**

Plaintiff's pro se complaint does not clearly identify what cause of action he intends to maintain. However, given his allegations of false testimony and his contention that "misleading and deceptive testimony" has placed him "in a false light" (Complaint ¶ 1), the complaint may be construed as raising a claim for defamation or an attempt to maintain a civil action for perjury.

ORDER - 2

Under 28 U.S.C. § 1441(b), a defendant may remove a civil action brought in a state court to federal court if the complaint includes a claim "arising under" federal law. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). Federal courts "strictly construe the removal statute against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden is on the defendant to establish that removal is proper. Id.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded' complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal is also proper when a plaintiff's state-law claims are completely preempted by federal law. Id. at 393-94.

Defendant's notice of removal cites two grounds for removal. The Court considers each basis below.

A.    Removal Based on Need to Interpret Collective Bargaining Agreement

Mr. Carter asserts that in case number C03-2904RSM, he offered written testimony concerning a collective bargaining agreement, the enforceability of a collective bargaining agreement, his union's compliance with a collective bargaining agreement, and related matters concerning Plaintiff's compliance with a collective bargaining agreement. Mr. Carter suggests that "[e]valuation of the truthfulness of his testimony in this regard requires interpretation of a collective bargaining agreement, and therefore is removable." He cites Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987), and Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399 (1988), to support this assertion.

ORDER - 3

In Caterpillar and Lingle, the Court considered whether a state-court claim was completely preempted by Section 301 of the Labor Management Relations Act. In Caterpillar, the Court held that Section 301 completely preempts "claims 'substantially dependent on analysis of a collective-bargaining agreement.'" 482 U.S. at 394. Similarly, the Lingle Court held that a state-law claim is preempted under Section 301 if it "requires the interpretation of a collective-bargaining agreement." 486 U.S. at 409 n.8.

However, the Ninth Circuit has held that "alleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA." Cramer v. Consol. Freightways Inc., 255 F.3d 683, 691-92 (9th Cir. 2001) (en banc). "A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." Id. at 693. Put another way, "a CBA provision does not trigger preemption when it is only *potentially* relevant to the state law claims, without any guarantee that interpretation or direct reliance on the CBA terms will occur." Humble v. Boeing Co., 305 F.3d 1004, 1010 (9th Cir. 2002) (emphasis in original).

At most, Defendant has alleged a hypothetical connection between Plaintiff's claim and the terms of a CBA. Plaintiff's complaint alleges that Mr. Carter "lied repeatedly" in an unidentified federal case, as well as two unidentified state cases. The complaint does not refer specifically to C03-2904RSM, nor is it apparent from his complaint that the alleged "lies" related to Mr. Carter's testimony regarding the provisions of a CBA. Although court records indicate that Mr. Carter offered an affidavit in C03-2904RSM, his affidavit was not limited to the provisions of a collective bargaining agreement; he also testified that he witnessed the signing of an agreement, that he reviewed payroll information, that Ethan Enterprises was a successful bidder for a number of projects, and that he believed the company to be very active. See C03-2904RSM, Dkt. No. 60. From Plaintiff's complaint, it is not possible to determine which aspects of Mr. Carter's testimony Plaintiff may regard as false.

ORDER - 4

1  As a result, there is no "guarantee that interpretation or direct reliance on the CBA terms will occur"
2  in this case. <u>Humble</u>, 305 F.3d at 1010.

3  Even if Plaintiff had specifically alleged that Defendant gave false testimony in federal or state
4  court regarding the provisions of a CBA, there would be no guarantee that resolving such claims
5  would require the interpretation of a CBA. Under Washington law, "the giving of false testimony has
6  not been treated as a wrong actionable in civil proceedings." <u>W.G. Platts, Inc. v. Platts</u>, 73 Wn.2d
7  434, 440 (1968). Instead, "[a]s a general rule, witnesses in judicial proceedings are absolutely immune
8  from suit based on their testimony." <u>Bruce v. Byrne-Stevens & Assocs. Eng'rs, Inc.</u>, 113 Wn.2d 123,
9  125 (1989). The witness immunity rule applies in defamation cases, as well as other types of cases
10 alleging false testimony. <u>Id.</u> at 131-32. Consistent with these principles, the Washington Court of
11 Appeals has held that "there is no civil claim for perjury." <u>Dexter v. Spokane County Health Dist.</u>, 76
12 Wn. App. 372, 375 (1994). As a result, Plaintiff's claims are potentially subject to dismissal under the
13 witness immunity rule and the lack of a civil claim for perjury in Washington, without the need to
14 evaluate the truthfulness of Defendant's testimony.

15 Therefore, the Court does not find that federal subject matter jurisdiction in this case may be
16 based on Defendant's contention that it will be necessary to interpret a collective bargaining agreement
17 to adjudicate Plaintiff's claims.

18 B.  <u>Removal Based on Allegation that Judgment in Prior Case was Procured by Fraud</u>

19 Defendant also asserts that removal is proper because Plaintiff's complaint "constitutes an
20 allegation that the judgment in <u>Ethan Enterprises</u> . . . was procured by fraud." However, the accuracy
21 of this contention is not apparent from the face of Plaintiff's complaint. The complaint does not
22 specifically mention the <u>Ethan Enterprises</u> case, nor does it allege that the judgment in that case was
23 procured by fraud.

24 In addition, the Sixth Circuit recently held in <u>Palkow v. CSX Transportation, Inc.</u>, 431 F.3d
25 543 (6th Cir. 2005), that a state-court case seeking damages based on allegations of perjury in a

ORDER - 5

federal case was not removable to federal court.  The plaintiff in Palkow lost a Title VII sex discrimination claim against her employer following a trial in federal court.  Plaintiff later filed a state-court case against her employer and a witness in the federal discrimination case, alleging that the witness offered perjured testimony in the federal case.  The Sixth Circuit found that the state-court case ("Palkow II") was improperly removed because the federal court lacked subject matter jurisdiction.  Although the court noted that Fed. R. Civ. P. 60(b) allows a party to maintain an independent action to seek relief from a federal judgment, the court noted:

> Here, Plaintiff's claim was not filed in the same court that rendered the Title VII judgment; it was originally filed in state court.  Moreover, Palkow did not ask in her state court complaint that the federal judgment entered against her be vacated or otherwise seek relief from the judgment.  She simply asserted, as a way to substantiate her claim for monetary damages from the defendants, that Defendant Tavares's alleged perjury "had a substantial effect" on the outcome of her sex discrimination trial.  Under these circumstances, we find no basis for the District Court's exercise of subject matter jurisdiction over Palkow II.

Id. at 555-56.  Similarly, in this case Plaintiff filed his complaint in state court and does not ask in his complaint that a judgment in a federal case be vacated.

To support removal of this action, Defendant cites Eyak Native Village v. Exxon Corp., 25 F.3d 773 (9th Cir. 1994).  In Eyak, the court held that removal was proper after the plaintiff filed a pleading in state court that was construed as seeking relief from a federal court consent decree due to fraud.  The Eyak court noted that an independent action for "relief from a judgment procured by fraud" may be maintained under Fed. R. Civ. P. 60(b).  Id. at 777.  The court also observed that "[o]ther jurisdictions have held that an action to obtain relief from a federal judgment presents a general federal question, which may support removal to federal court."  Id. at 778.

However, Plaintiff's complaint in this case does not seek to vacate or obtain relief from a federal judgment or consent decree.  Instead, he seeks damages for alleged false testimony by Defendant in unidentified federal and state court actions, as well as an injunction to bar Defendant from providing false testimony in the future.  The facts of this case are more akin to the Sixth Circuit's recent Palkow decision, which rejected removal of a state-court case in similar circumstances.  And

ORDER - 6

1  while Defendant asserts that Plaintiff's allegations of perjury in a federal case constitutes an allegation

2  that the judgment was procured by fraud, the Ninth Circuit has held that "perjury by a party or

3  witness, does not, by itself, amount to fraud on the court" sufficient to support an independent action

4  for relief from judgment under Fed. R. Civ. P. 60(b). Appling v. State Farm Mut. Auto. Ins. Co., 340

5  F.3d 769, 780 (9th Cir. 2003).

6       Therefore, the Court finds that federal subject matter jurisdiction in this case does not arise

7  under a theory that Plaintiff's lawsuit constitutes an allegation that the judgment in Ethan Enterprises

8  was procured by fraud.

## Conclusion

10       For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over this

11  action. Therefore, the Court REMANDS this case to Snohomish County Superior Court pursuant to

12  28 U.S.C. § 1447(c). Because the Court lacks subject matter jurisdiction over this action, the motion

13  to consolidate case number C07-20P with C07-37C and C07-38C is DENIED as moot.

14       The clerk is directed to send copies of this order to Plaintiff and to all counsel of record.

15       Dated: April 3, 2007.

17                                      s/Marsha J. Pechman
                                      Marsha J. Pechman
18                                      United States District Judge

ORDER - 7